IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION, GRAND RAPIDS

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BANDIT INDUSTRIES, INC. ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) | Civil Action No. 1:17-cv-56 <br><br> STIPULATION, SETTLEMENT AGREEMENT AND ORDER OF JUDGMENT |

The United States of America, by the authority of the Attorney General of the United States and acting at the request of the Administrator of the Environmental Protection Agency (EPA), through the undersigned attorneys, filed a Complaint in this matter pursuant to Part A of Title II, Sections 202-219 of the Clean Air Act 42 U.S.C. § 7521-7554 and the applicable EPA regulations codified at 40 C.F.R Parts 1039 and 1068 against Bandit Industries, Inc. (Bandit) seeking civil penalties for violations of the Transition Program for Equipment Manufacturers (TPEM).

The United States has reviewed Financial Information regarding Defendant and has determined that Defendant has a limited ability to pay a civil penalty in this matter. "Financial Information" as used in this paragraph means the requested tax returns, balance sheets, verified financial statements and bank records that Defendant submitted to the United States prior to November 1, 2016.

NOW THEREFORE, without adjudication or admission by Bandit of any issue of fact or law in the Complaint, and upon consent and agreement of the parties to this Stipulation, an Order is hereby AGREED, STIPULATED, and ORDERED:

1. This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. § 7524(b), and 28 U.S.C. §§ 1331, 1345, and 1355. The Complaint states claims upon which relief may be granted.

2. Venue is appropriate in the Western District of Michigan pursuant to 42 U.S.C. § 7524(b), and 28 U.S.C. §§ 1391(b) and (c), and 1395(a), because Bandit has its principal place of business in the Western District of Michigan.

3. Bandit shall pay a civil penalty to the United States of America in the amount of $3 million, payable in three equal installments of $1 million each together with interest accruing from the date on which the Order is entered by the Court, at the rate specified in 28 U.S.C. § 1961 as of the date of entry. The first payment shall be due and payable no later than 90 days after entry by the Court of this Stipulation, Settlement Agreement and Order of Judgment (Stipulation). The second installment shall be due and payable no later than one year after entry of this Stipulation plus 90 days, and the third payment shall be due and payable no later than two years after entry of this Stipulation plus 90 days.

4. Payment shall be made by Electronic Funds Transfer (EFT) to the United States Department of Justice account, in accordance with instructions to be provided to Bandit by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Western District of Michigan after the entry date. The costs of such electronic funds transfer shall be the responsibility of Bandit. The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which Bandit shall use to identify all payments required to be made in accordance with this Stipulation. The FLU will provide the payment instructions to:

        Richard Curtiss
        Controller
        Bandit Industries
        6750 W. Millbrook Road
        Remus, MI 49340
        rcurtis@banditchippers.com

On the same day that payment is made, Bandit shall provide notice of payment to via email or mail to:

        cinwd_acctsreceivable@epa.gov
        or
        EPA Cincinnati Finance Office
        26 W. Martin Luther King Drive
        Cincinnati, Ohio 45268;

        eescdcopy.enrd@usdoj.gov
        Re: DJ # 90-5-2-1-11460,
        or
        EES Case Management Unit
        Environment and Natural Resources Division
        U.S. Department of Justice
        P.O. Box 7611
        Washington, D.C. 20044-7611
        Re: DJ # 90-5-2-1-11460; and

        Caballero.kathryn@epa.gov
        or
        Kathryn P. Caballero
        Senior Attorney
        U.S. Environmental Protection Agency
        Air Enforcement Division
        Office of Enforcement and Compliance Assurance
        Washington, DC 20460

Such notice shall state that the payment is for the civil penalty owed pursuant to the Stipulation, Settlement Agreement and Order of Judgment in *United States v. Bandit Industries, Inc.* and shall reference the civil action number, CDCS Number and DOJ Case Number 90-5-2-1-11460.

5. If any portion of the civil penalty payable under this Stipulation is not paid when due, Bandit shall pay a stipulated penalty of $1,000 for each day that Bandit's civil penalty payment is delayed beyond the date due.

6. Payment of any stipulated penalty shall be made in the manner set forth in Paragraph 4, except that the notice shall state that the payment is for stipulated penalties.

7. The United States covenants that payment of all amounts due under this Stipulation shall constitute full settlement and satisfaction of the civil claims of the United States asserted in the Complaint filed in this action simultaneously with the filing of this Stipulation.

8. The U.S. Department of Justice and the U.S. Environmental Protection Agency will not present or otherwise bring any further civil action against Bandit for any alleged violation in the Complaint, except as provided in Paragraph 14.

9. Bandit shall be liable for any and all expenses, including but not limited to attorney fees, incurred by the United States in collecting any defaulted portion of the amounts due under this Stipulation.

10. Civil penalties (as well as the payment of stipulated penalties if applicable) paid pursuant to this Stipulation are not deductible by Bandit or any other person for federal tax purposes.

11. Within 30 days of the receipt of the full amount due under this Stipulation, the United States shall file Notice with the Court that full payment has been received.

12. The payment obligations of this Stipulation apply to and are binding upon Bandit and its successors. Any change in ownership or corporate status shall not alter Bandit's payment obligations under this Stipulation.

13. Bandit hereby certifies, to the best of its knowledge and belief, after thorough inquiry, (a) that it has submitted to the United States Financial Information that fairly, accurately, and materially sets forth its financial circumstances; (b) that those circumstances have not materially changed between November 1, 2016 and the date that Defendant signed this Stipulation; and (c) that it does not have any insurance policies that may cover any payment of a civil penalty relating to this matter.

14. Notwithstanding any other provision of this Stipulation, the United States reserves, and this Stipulation is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief other than as provided in this Stipulation, if the Financial Information provided, or the financial certification made in Paragraph 13(a), is false, or in a material respect, inaccurate.

15. The undersigned representatives of Bandit and the Assistant Attorney General for the Environment and Natural Resources Division of the U.S. Department of Justice certify that they are fully authorized to enter into the terms and conditions of this Stipulation and to execute and legally bind the applicable party to it.

16. The Court shall retain jurisdiction to interpret and enforce this Stipulation until the United States files the Notice of Payment.

17. This Stipulation constitutes a judgment under Federal Rules of Civil Procedure 54 and 58.

AS STIPULATED AND AGREED TO BY THE PARTIES, IT IS SO ORDERED AND ADJUDGED.

Date: January 23, 2017          /s/ Janet T. Neff
                                                          United States District Judge

THE UNDERSIGNED, ON BEHALF OF PLAINTIFF THE UNITED STATES OF AMERICA, enter into this Stipulation, Settlement Agreement and Order of Judgment:

JOHN C. CRUDEN
Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice
Washington, D.C.

LESLIE ALLEN
Environment & Natural Resources Division
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Phone: 202-514-4114
Leslie.allen@usdoj.gov

PATRICK A. MILES, JR.
United States Attorney
Western District of Michigan

s/ Ryan D. Cobb
RYAN D. COBB
Assistant U.S. Attorney
330 Ionia Avenue, N.W., Suite 501
Grand Rapids, MI 49503
616-456-2404
Ryan.Cobb@usdoj.gov

THE UNDERSIGNED, ON BEHALF OF THE U.S. ENVIRONMENTAL PROTECTION AGENCY, enter into this Stipulation, Settlement Agreement and Order of Judgment:

_____
CYNTHIA GILES
Assistant Administrator
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460-0001

_____
PHILLIP A. BROOKS
Director
Air Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460-0001

_____
KATHRYN PIRROTTA CABALLERO
Senior Attorney
Air Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, DC 20460-0001

THE UNDERSIGNED, ON BEHALF OF BANDIT INDUSTRIES, INC., enter into this Stipulation, Settlement Agreement and Order of Judgment:

*[signature]*

JERRY MOREY
President, Bandit Industries, Inc.
6750 West Millbrook Road
Remus, Michigan 49340

*[signature]*

JUSTIN A. SAVAGE
Hogan Lovells
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004